IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-11-445 |
| v. | § | (C.A. No. C-12-227) |
| | § | |
| MIGUEL ANGEL RODRIGUEZ-VASQUEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Miguel Angel Rodriguez-Vasquez' (Rodriguez-Vasquez) motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. D.E. 43.[1] Also before the Court are the government's combined response and motion to dismiss, and Rodriguez-Vasquez' reply. D.E.47, 48.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Rodriquez-Vasquez was found walking in the brush south of Falfurrias, Texas by Border Patrol agents. D.E. 1. Rodriguez-Vasquez admitted he was a citizen of Mexico and entered the United States without obtaining permission to do so. Id. Because immigration records showed that Rodriguez-Vasquez had previously been removed as an aggravated felon, he was arrested for Illegal Reentry. Id.

---

[1] Docket entry references are to the criminal case.

1

On April 27, 2011, Rodriguez-Vasquez, was charged by a one-count indictment with being unlawfully present in the United States subsequent to deportation, in violation of 8 U.S.C. § 1326(a) and (b). D.E. 8. Rodriguez-Vasquez later pled guilty to the indictment. Minute Entry June 15, 2011, D.E. 14. His guilty plea was taken by a United States Magistrate Judge. Rodriguez-Vasquez consented to that procedure. D.E. 15. After rearraignment, the Probation Department prepared a Presentence Investigation Report (PSR). D.E. 18.

The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Rodriguez-Vasquez' offense level was increased by 16 points based upon his prior drug trafficking offense. D.E. 18 at ¶ 11 (U.S.S.G. § 2L1.2(b)(1)(A)(i)). Rodriguez-Vasquez' total offense level was calculated to be 21, after credit for acceptance of responsibility. Id. at ¶¶ 16- 19. He had 6 criminal history points, resulting in application of criminal history category III. Id. at ¶ 23. The Guideline range of imprisonment was calculated to be 46-57 months. Id. at ¶ 34. Counsel filed no objections to the PSR.

The Court sentenced Rodriguez-Vasquez to serve forty-six months in the custody of the Bureau of Prisons and a two-year term of supervised release. R. 115. The court did not impose a fine, but did impose a $100 special assessment. D.E. 26.

Rodriguez-Vasquez timely filed notice of appeal. D.E. 24. The Fifth Circuit Court of Appeals dismissed his appeal as frivolous. D.E. 40. Rodriguez-Vasquez filed a timely motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255.

### III. MOVANT'S CLAIMS

Rodriguez-Vasquez raises several claims, first, that his sentence is illegal because it exceeds the two year statutory maximum found in 8 U.S.C. § 1326(a). Second, Rodriguez-Vasquez claims that counsel was ineffective because he failed to object to the illegal sentence and also that counsel

was ineffective at the plea bargaining stage which resulted in a greater sentence than defendant believed would be imposed. Finally, as part of his first claim, Rodriguez-Vasquez claims that the Court exceeded its authority when it went outside the facts of the case to impose the 16 level enhancement. D.E. 43 at 4, 5.

The government responds that Rodriguez-Vasquez' claim to sentencing error is procedurally barred and his claims of ineffective assistance are without merit. D.E. 47 at 8-10, 12-14. The government provided a copy of Rodriguez-Vasquez' supplemental brief on appeal to support its claims.

Rodriguez-Vasquez filed a reply challenging the government's assertions and claiming that counsel abandoned him on appeal. D.E. 48.

## IV. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B**.   **Standard for Claims of Ineffective Assistance of Counsel**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**C.**   **Claims that the Court Misapplied the Sentencing Guidelines**

Rodriguez-Vasquez' claims that the Court imposed an illegal sentence and that the Court exceeded its authority by imposing the enhancement are not cognizable in a § 2255 proceeding. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v.

4

Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (a district court's alleged misapplication of the sentencing guidelines cannot be challenged in a § 2255 motion).

**D.     Claims of Ineffective Assistance at Sentencing**

Rodriguez-Vasquez also claims that counsel was ineffective at the plea bargaining stage and at sentencing because counsel failed to object to the allegedly illegal sentence and failed to object to the 16 level enhancement. Each issue will be considered separately.

1.  *Ineffectiveness at plea bargaining stage*

Rodriguez-Vasquez entered a guilty plea without an agreement with the government. D.E. 33 at 4.[2] Rodriguez-Vasquez claims that a greater sentence was imposed than he expected, but does not state what counsel allegedly did that caused his sentence to be greater. At rearraignment, the Magistrate Judge informed him of his maximum sentence of 20 years imprisonment, up to three years supervised release, a fine of up to $250,000, and a special assessment of $100.[3] Id. at 26-27.

---

[2] 12 Mr. Flores, what is your announcement in each of
13 these cases?
14 MR. FLORES: It's going to be a rearraignment for all
15 the cases, your Honor, without a plea agreement.
16 THE COURT: Is that what you wanted to do today?
17 Mr. Rodriguez-Vazquez?
18 DEFENDANT RODRIGUEZ-VAZQUEZ: Yes, ma'am.

Id.

[3] 8 THE COURT: Now, the maximum possible punishment that
9 you are facing is going to depend upon your criminal history.
10 But the very maximum possible punishment you could receive is
11 up to 20 years in the penitentiary. In addition to going to
12 prison for up to 20 years, you could also be fined up to
13 $250,000.
14 Now, if you are sent to prison, then when you are
15 released from prison, you also could be facing up to a maximum
16 of three years of supervised release.
         *     *     *
3 Also, if you are convicted, this is a felony, and you
4 will have to pay a mandatory $100 special assessment. It's

5

Rodriguez does not provide any specific facts concerning counsel's allegedly deficient performance. His failure to do so renders his claim conclusory. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir.1989); see also United States v. Jones, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim."). No ineffective assistance of counsel is shown.

2. *Failure to object to illegal sentence*

According to Rodriguez-Vasquez he was only charged with a violation of 8 U.S.C. § 1326(a) which has a statutory maximum sentence of 2 years.[4] Because his sentence exceeds that period, he claims it is illegal. A review of Rodriguez-Vasquez' indictment reveals that he is mistaken. D.E. 8. He was charged with violating both § 1326(a) and (b). Id. Subsection 1326(b) provides additional penalties for alins who were previously convicted of certain categories of crimes.[5] Because

---

      5 also important that you understand there is no parole in the
      6 federal system.
      7 Do you understand the maximum punishment you could
      8 receive if you are convicted?
              *      *      *
     17 THE COURT: Mr. Rodriguez-Vazquez?
     18 DEFENDANT RODRIGUEZ-VAZQUEZ: Yes, ma'am.

Id.

[4] a) In general
*Subject to subsection (b) of this section*, any alien who--
    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
    (2) enters, attempts to enter, or is at any time found in, the United States, unless . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(a) (emphasis added).

[5] (b) Criminal penalties for reentry of certain removed aliens
*Notwithstanding subsection (a) of this section*, in the case of any alien described in such subsection--
    (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10

6

Rodriguez-Vasquez pled guilty to Count One of the indictment which included both §§ 1326(a) and 1326(b), counsel had no basis to object to Rodriguez-Vasquez' sentence as illegal.

Moreover, Rodriguez-Vasquez raised the issue of his allegedly illegal sentence in his supplemental brief on appeal. The Fifth Circuit Court of Appeals rejected the claim and dismissed his appeal as frivolous. Rodriguez-Vasquez has not demonstrated how his defense counsel's performance was deficient when Rodriguez-Vasquez was sentenced in conformity with his guilty plea to the indictment.

3. *Failure to object to enhancement*

Rodriguez-Vasquez was previously convicted in Kansas for possession of marijuana with intent to sell in violation of K.S.A. 65-4163(a). See D.E. 21. The Probation Department concluded that the conviction qualified as a drug trafficking conviction that required a 16 point enhancement to Rodriguez-Vasquez' offense level pursuant to § 2L1.2(b)(1)(A) of the sentencing guidelines. Rodriguez-Vasquez complains that the enhancement was improper and his counsel was ineffective for failing to object to the enhancement.

Rodriguez-Vasquez raised the propriety of the enhancement in his supplemental brief on appeal after appellate counsel filed an Anders brief. The Fifth Circuit Court of Appeals dismissed his appeal as frivolous. The Fifth Circuit impliedly found the enhancement to be proper. Accordingly,

---

years, or both;
(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both; . . . .

8 U.S.C. § 1326(b) (emphasis added).

Rodriguez-Vasquez has not shown that counsel was ineffective for his failure to object to the enhancement.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez-Vasquez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

8

Based on the above standards, the Court concludes that Rodriguez-Vasquez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Rodriguez-Vasquez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 43) is **DENIED**. He is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 13th day of March, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE